*Liang v. Lynch*

BIA
Poczter, IJ
A200 591 939

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
>        PIERRE N. LEVAL,
>        REENA RAGGI,
>        RAYMOND J. LOHIER, JR.,
>                *Circuit Judges.*

_____

ZHEN LIANG,
>        *Petitioner,*

>        v.                                        14-1911
>                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

FOR PETITIONER:                Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Benjamin C. Mizer, Acting Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Sara J. Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Liang, a native and citizen of the People's Republic of China, seeks review of a May 16, 2014, decision of the BIA affirming a December 7, 2011, decision of an Immigration Judge ("IJ") denying Liang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Liang,* No. A200 591 939 (B.I.A. May 16, 2014), *aff'g* No. A200 591 939 (Immig. Ct. N.Y. City Dec. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications like Liang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Here, the agency's adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on discrepancies between Liang's testimony and his parents' letter. *Xiu Xia Lin*, 534 F.3d at 163-64.  Liang testified that police in China regularly come to his home looking for him, but his parents' letter stated that they came to his home only once in October 2009.  In addition, Liang testified that he has never practiced Falun Gong and will not do so in the future; however, his parents stated that Liang

told them he could now practice Falun Gong "free and open in the United States."

The IJ reasonably relied on these discrepancies. The first discrepancy casts doubt on the primary element of Liang's claim—that police are searching for him for distributing Falun Gong flyers. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam). The second discrepancy casts doubt on the veracity of Liang's entire claim. In particular, Liang's parents' statement — that Liang told them he could practice Falun Gong freely in the United States — directly contradicts Liang's testimony that he will never practice Falun Gong. Accordingly, the IJ reasonably based her credibility determination on these inconsistencies. Moreover, the IJ was not required to credit Liang's explanations, which were unconvincing. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Considering these inconsistences, as well as Liang's insufficient explanations, the "totality of the circumstances" supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 163-64. Accordingly, because all of Liang's claims rely on his credibility, the agency did not err in denying

4

asylum, withholding of removal, and CAT relief because the claims were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). We therefore do not address the agency's alternative ruling that Liang failed to meet his burden of proof.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5